Chief Justice Robertson
delivered the Opinion of the Court.
The executor of Martin D. Hardin, deceased, sued Winslow, on a promissory note, dated in September, 1816, for one hundred dollars, to be paid in the event of a reversal by the Court of Appeals, of a judgment against Silas Craig, by which Winslow seems to have been affected as a party in interest.
Under leave to prove whatever might have been pleaded, Winslow introduced Silas Craig as a witness on the trial — who stated that, in 1820, Hardin told him that, having been informed that Winslow was insolvent, he would not attend to his case in this Court, unless he (Craig) would assure to him afee; that he replied, that he could not give as much as Winslow had agreed to give, but would engage to pay him, unconditionally., thirty dollars; to which Hardin assented; and that, thereupon, he executed to Hardin his unconditional obligation for thirty dollars, in lieu of Winslow’s note for a contingent fee of a hundred dollars. The note for thirty dollars was exhibited on the trial, and- Craig proved that it had been, paid off by him, and that Winslow had accounted to him for ten dollars, which was deemed to be his just proportion of the fee of thirty dollars.
The Circuit Court having instructed the jury, that the alleged accord and satisfaction was unavailing, even if Winslow had assented to it, a verdict and judgment were thereupon rendered in favor of the executor.
As the note for a hundred dollars depended on a contingency, and the note for thirty dollars was unconditional, we have no doubt that, on that ground alone, the latter, if it was given and accepted in satisfaction of the former, was a good and effectual satisfaction — provided *544 the judgment, which seems to have been reversed by this Court, had not been reversed before the date of the latter note — and there is no evidence as to the time of the reversal. But, without regard to the contingency in Winslow’s obligation, if he was insolvent or in doubtful circumstances, and Craig was not, the note for thirty dollars might, if given and accepted as a satisfaction, have been available as such, in this suit on the note for a hundred dollars, because a note for thirty dollars on a man able to pay, should be deemed at least as valuable as a note for a larger sum on one who was unable to pay any part of it.
And therefore, as there was some evidence, that Winslow assented to the accord and satisfaction, andas, moreover, Craig was not a stranger in interest, it seems to this Court that the jury had a right to consider the evidence, and to give to it whatever credence and effect they might have deemed it entitled to; and that therefore the Circuit Court erred in instructing them to disregard it, as altogether insufficient.
Wherefore, it is considered by this Court, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.
Answers.